IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| Richard and Maria Shupe,<br><br>    Plaintiff,<br><br>vs.<br><br>JPMorgan Chase Bank of Arizona,<br><br>    Defendant. | No. CV 11-501-TUC-RCC (BPV)<br><br>**ORDER** |

Plaintiff filed an action in Pima County Superior Court alleging Defendant violated the Telephone Consumer Protection Act (TCPA), 47 U.S.C. § 227, and invaded their privacy when Defendant made over 100 telephone calls to Plaintiffs' residence. (Doc. 1-3). Defendant subsequently removed the action based on federal question jurisdiction. (Doc. 1). Thereafter, Defendant filed a Motion to Dismiss (Doc. 4), and Plaintiffs filed a Motion to Remand (Doc. 6). The Honorable Bernardo P. Velasco, United States Magistrate Judge, filed a Report and Recommendation (Recommendation) in this action, which advised the Court to deny both motions. (Doc. 23). The Court will adopt the Recommendation and deny both motions.

**I.  Factual Summary**

Plaintiffs allege in their Complaint that they defaulted on their mortgage in May 2010. (Doc. 1-3). In August 2010, they wrote to Defendant to "terminate their business

relationship with the Defendant." Thereafter, Defendant made in excess of 100 calls to Plaintiff at their residential telephone number and retained third parties to do the same. Defendant used an auto-dial system to make these calls. Plaintiffs, on multiple occasions, told Defendant not to call this number. Plaintiff Maria Shupe has a medical condition that was aggravated by Defendant's calls.

**II. Motion to Remand**

No objection appearing, the Court has reviewed the Recommendation for clear error and finds none. Accordingly, the Court will adopt the Recommendation as to the Motion to Remand and deny the motion. See Advisory Committee Notes to Fed.R.Civ.P. 72 (citing Campbell v. United States Dist. Court, 501 F.2d 196, 206 (9th Cir.1974)).

**III. Motion to Dismiss**

Defendant has filed objections to the Recommendation as to the Motion to Dismiss. (Doc. 25). Therefore, the Court will review this portion of the Recommendation de novo. Thomas v. Arn, 474 U.S. 140, 149–50 (1985) (quoting 28 U.S.C. § 636(b)(1) (C)).

**A. Motion to Dismiss Standard**

To survive a motion to dismiss under Rule 12(b)(6), a pleading must allege facts sufficient "to raise a right to relief above the speculative level." Bell Atl. Corp. v. Twombly, 550 U.S. 544, 555 (2007). A claim must be plausible and allow a court to draw the reasonable inference that the defendant is liable for the conduct alleged. Ashcroft v. Iqbal, 129 S.Ct. 1937, 1949 (2009). "The plausibility standard is not akin to a 'probability requirement,' but it asks for more than a sheer possibility that a defendant has acted unlawfully." Id. (quoting Twombly, 550 U.S. at 557.)

"[A]ll well-pleaded allegations of material fact are taken as true and construed in a light most favorable to the nonmoving party." Wyler Summit P'ship v. Turner Broad. Sys. Inc., 135 F.3d 658, 661 (9th Cir. 1998). However, "[a] pleading that offers 'labels and conclusions' or 'a formulaic recitation of the elements of a cause of action will not do.'" Id. (quoting Twombly, 550 U.S. at 555); see Spreewell v. Golden State Warriors, 266 F.3d 979, 988 (9th Cir. 2001). In addition, a court is limited in its analysis to those facts alleged in the

Complaint and documents incorporated by reference into the complaint. Knievel v. ESPN, 393 F.3d 1068, 1076 (9th Cir. 2005).

**B.  TCPA**

The TCPA prohibits callers from (1) making calls (2) using an "automatic telephone dialing system" (3) to a number assigned to a residential telephone line (4) without the "prior express consent" of the receiving party or for a non-exempt reason. 47 U.S.C. § 227(b)(1)(B). A call made without the prior express consent of the receiving party is exempt if it is made (1) for emergency purposes, (2) for a non-commercial purpose, (3) for a commercial purpose but "does not include or introduce an unsolicited advertisement or constitute a telephone solicitation", (4) to someone the caller has an established business relationship with, or (5) by a tax-exempt nonprofit organization. 47 C.F.R. § 64.1200(a)(1).

Defendant argued in its Motion to Dismiss that its calls to Plaintiffs were exempt from the TCPA because Defendant is a debt collector. Because Defendant presents this argument in a summary fashion, the Court is unable to determine whether Defendant is claiming an exemption because (1) the calls were made solely for the purposes of debt collection, or (2) Defendant had an established business relationship with Plaintiffs. The Court will address both possibilities below.

**1.  Debt Collection**

The FCC has unequivocally stated that calls made solely for the purpose of debt collection are exempt calls under the TCPA because they either (1) stem from an existing business relationship, or (2) are made for a commercial purpose other than solicitation. In re Rules & Regulations Implementing the TCPA, 23 FCC Rcd. 559, 565 ¶ 5 (Jan. 4, 2008) (citing 1995 TCPA Reconsideration Order, 10 FCC Rcd 12391, 12400 ¶ 17 (July 26, 1995)). As the Recommendation noted, however, Defendant did not establish or argue that its calls were made for this purpose, (Doc. 23 at 10-11). Defendant only established that it had a debtor-creditor relationship with Plaintiff. (Id.; Doc. 4 at 7-13). Therefore, Defendant cannot claim this exemption for its calls at this stage in the proceedings.

**2.  Established Business Relationship**

Except where the calls are placed solely for debt collection purposes, an established business relationship may be terminated by the receiver by informing the caller to place the receiver on a do-not-call list. 47 C.F.R. § 64.1200(f)(4)(i). Termination of the established business relationship refers only to termination of the privilege to call based on the exemption and does not require a termination of all business between the parties. (Id.).

Plaintiffs allege they had a business relationship with Defendant but terminated the relationship in August 2010. (Doc. 1-3). Plaintiffs further allege that the calls began after they wrote to Defendant to terminate the relationship. (Id.). Defendant argues, however, that Plaintiffs could not terminate the relationship unilaterally because (1) "as a matter of law and reason, the business relationship lasts as long as the promissory note and deed of trust were executory" and (2) unilateral termination by Plaintiffs would create an irreconcilable conflict with A.R.S. § 33-807.01. (Doc. 25 at 2-3).

As to Defendant's first argument, an established business relationship is a term of art under the TCPA and so is its termination. The regulations make clear that termination of an established business relationship is not equivalent to termination of the entire relationship between a caller and a receiver. It simply means the caller's business relationship with the recipient no longer entitles it to initiate solicitation phone calls to the recipient using an artificial or prerecorded voice.

As to Defendant's second argument, A.R.S. § 33-807.01 requires a mortgage lender to contact in writing a borrower who occupies the subject property as his principal residence at least thirty days before notice of a trustee's sale is given in order to explore options to avoid foreclosure. Clearly, a statute requiring an attempt to contact a borrower in writing is not inconsistent with the borrower's right to terminate the established business relationship within the meaning of the TCPA.

Plaintiffs sufficiently alleged they terminated their established business relationship with Defendant in accordance with 47 C.F.R. § 64.1200(f)(i). Therefore, for the purposes of this Motion to Dismiss, Defendants cannot claim the established business relationship exemption.

**3. Conclusion**

- 4 -

The Recommendation correctly found Defendant did not establish the calls at issue were made solely for the purpose of debt collection. In addition, Plaintiffs sufficiently alleged termination of their established business relationship, and Defendant has not offered argument or evidence that requires a contrary conclusion. The Court will adopt the Recommendation as to these findings and deny the Motion to Dismiss as to the TCPA claims.

**C. Invasion of Privacy**

The Restatement defines invasion of privacy as:

> One who intentionally intrudes, physically or otherwise, upon the solitude or seclusion of another or his private affairs or concerns, is subject to liability to the other for invasion of his privacy, if the intrusion would be highly offensive to a reasonable person.

Hart v. Seven Resorts Inc., 190 Ariz. 272, 279 (App. 1997) (quoting Restatement (Second) of Torts § 652B). The Recommendation found Plaintiffs sufficiently alleged this tort, but Defendant claims the Recommendation applied the wrong standard. Defendant argues Plaintiffs must show Defendant's conduct was extreme and outrageous. (Doc. 25 at 3) (citing Godbehere v. Phoenix Newspapers, Inc., 162 Ariz. 335, 339 (1989)).

In Godbehere, the Arizona Supreme Court held extreme and outrageous conduct is not an element of the tort of false light invasion of privacy and adopted the Restatement's definition of the claim. Id. at 339-41. Defendant argues Godbehere's holding is limited only to false light claims and did not eliminate the requirement of extreme and outrageous conduct for invasion of privacy/intrusion on seclusion claims. (Doc. 25 at 3). The Arizona Supreme Court has never decided whether a claim for invasion of privacy/intrusion on seclusion must include an allegation of extreme and outrageous conduct. Prior to Godbehere, the Arizona Court of Appeals required extreme and outrageous conduct. Godbehere, 162 Ariz. at 339 (citing Creamer v. Raffety, 145 Ariz. 34 (App.1985); Valencia v. Duval Corp., 132 Ariz. 348 (App.1982); Davis v. First Nat'l Bank of Ariz., 124 Ariz. 458 (App.1979); Cluff v. Farmer's Ins. Exch., 10 Ariz.App. 560 (1969)). Since Godbehere, that court has abandoned this requirement in favor of the Restatement's definition. Hart, 190 Ariz. at 279. Therefore, Plaintiffs are not required to show extreme or outrageous conduct to state a claim for

invasion of privacy/intrusion on seclusion.

## IV. Conclusion

The Recommendation correctly advised the Court to deny the Motion to Remand, and the Court finds Defendant's objections to the Recommendation as to the Motion to Dismiss unpersuasive. Accordingly,

The Court **ACCEPTS** the Recommendation of Magistrate Judge Velasco. (Doc. 23)

**IT IS ORDERED** denying both the Motion for Remand and the Motion to Dismiss. (Docs. 4 and 6).

**IT IS FURTHER ORDERED** referring this matter back to Magistrate Judge Velasco for all pretrial proceedings and report and recommendation in accordance with the provisions of 28 U.S.C. § 636(b)(1), FED.R.CIV.P. 72, and L.R.Civ 72.1, 72.2 and 72.3.

DATED this 18th day of April, 2012.

Raner C. Collins
United States District Judge