IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| Richard Shupe et al., | No. CV-11-00501-TUC-RCC (BPV) |
| Plaintiffs, | **REPORT AND RECOMMENDATION** |
| v. | |
| JPMorgan Chase Bank NA, | |
| Defendant. | |

Pending before the Court are Plaintiffs Richard and Maria Shupe's (the Shupes) Motion for Partial Summary Judgment (Doc. 88) pursuant to Rule 56, Fed.R.Civ.P., and Motion for Default Judgment as to JP Morgan Chase Bank NA (Doc. 96). Defendant JPMorgan Chase Bank, N.A. (Chase) has filed responses in opposition (Doc. 112) and (Doc. 99), respectively. Plaintiffs have filed replies accordingly (Docs. 116, 111).

Also pending before the Court is Defendant's Cross-Motion for Summary Judgment (Doc. 115), Plaintiffs' response (Doc. 116) and Defendant's reply (Doc. 128).

Pursuant to the Rules of Practice of this Court, this matter was referred to undersigned for a Report and Recommendation. (Doc. 10.)

For reasons stated herein, the Magistrate Judge recommends that Plaintiffs' Motion for Default Judgment be denied; that Plaintiff's Motion for Partial Summary

Judgment be denied, and that Defendant's Cross-Motion for Summary Judgment be granted in part and denied in part.

### I.   FACTUAL AND PROCEDURAL BACKGROUND

On May 31, 2011 Plaintiffs filed their original complaint with the Superior Court, County of Pima, State of Arizona. On August 12, 2011 Defendant removed the case from the Pima County Superior Court to this Court pursuant to 28 U.S.C. § 1331. On March 29, 2013, this Court granted Plaintiffs' Motion for Leave to Amend Complaint (Doc. 52), and, on May 7, 2013, the Plaintiffs filed their Third Amended Complaint (Amended Complaint) with the Court. (Doc. 94.)

The Shupes allege that their residential phone numbers were placed on the National "Do-Not-Call Registry" (DNCR) prior to numerous calls made by Chase to the Shupe's residential telephone using an auto/predictive dialing system. (Doc. 94, ¶¶ 3-4, 20.) The Shupes further allege that the calls were made by Chase for the purpose of soliciting additional mortgage products that Chase had to offer, that the Shupes had terminated all business relationships with Chase, and that Chase failed to cease communications with the Shupes despite being told do so. (*Id.*, ¶¶ 10, 12, and Count I.) The Shupes assert claims against Chase as follows: (1) violation of the TCPA; (2) violation of A.R.S. § 44-1282; (3) invasion of privacy; (4) harassment; and (5) intentional infliction of emotional distress. (*Id.*, at 7-9.) The Shupes request relief in the form of compensatory damages, statutory damages, punitive damages and attorney's fees. (*Id.*, at 9-12.)

## II.   DISCUSSION

### A.   Motion for Default Judgment

The Shupes moved for default judgment on May 9, 2013 (Doc. 96), alleging that Defendant had failed to file an answer to the Amended Complaint they had filed with the Court on January 2, 2013 (Doc. 52) and served on Defendant by certified mail on April 8, 2013.

Defendant opposes the motion (Doc. 99), noting that Plaintiffs had served a copy of the motion to amend with redline/strikeout version of the amended complaint, but that Defendant had not been served with the Amended Complaint pursuant to Rule 15(a)(3), Federal Rules of Civil Procedure.

The Shupes respond that "immediately upon the court granting the Plaintiffs motion to amend their complaint, the Plaintiffs filed such, and then mailed copy of such to the defense attorney" (Doc. 111).

As correctly pointed out by Defendant, there is no basis for default because Defendant was never properly served with the Amended Complaint. A review of the record in this case demonstrates that the Shupes' motion to amend was granted on March 29, 2013. (Doc. 71.) Plaintiffs were directed to "file" and "serve the Amended Complaint on Defendant" within 14 days from the date of the Order. *Id*. Plaintiffs failed to comply with the Court's order to file the Amended Complaint. *See* Order April 29, 2013 (Doc. 86). When Plaintiffs finally attempted to comply with the Court's Order by filing a "Compliance to Court's Order: Amended Complaint Served" (Doc. 94), the attachment still contained a redline/strikeout version, and not a fully amended version of the

Complaint. *See also* Order (Doc. 136)(acknowledging Plaintiffs' error and directing Defendant to accept bracketed portions of the Amended Complaint as the new portions of the complaint.)

Accordingly, because it is evident that Defendant was never served with the Amended Complaint prior to the Plaintiffs' motion for default judgment, the Magistrate Judge recommends that the District Court deny Plaintiffs' motion for default judgment.

### B.  Motions for Summary Judgment

The Shupes move for partial summary judgment as to Counts I, II and III of the Amended Complaint, pursuant to Federal Rule Civil Procedure 56(c), arguing that there is no genuine issue of material fact and the Shupes are entitled to judgment as a matter of law because: 1) Chase used a prerecorded message to "knowingly" or "willfully" call the Shupes' residential telephone number, which was on the DNCR, using a prerecorded message, without authorization, 108 times, thereby establishing a violation of the Telephone Consumer Protection Act ("TCPA"), 47 U.S.C. § 227, *et seq.*, and A.R.S. § 44-1282; and 2) without an established business relationship with the Shupes these calls form the basis for a claim of invasion of privacy under the Restatement (Second) of Torts.

Chase moves for Summary Judgment as to all counts in the Amended Complaint arguing: 1) that the calls did not violate the TCPA because they were not telemarketing calls and, additionally, the calls were exempt as they were made in an effort to collect a debt; 2) since the calls are not proscribed by the TCPA, they are not unlawful under A.R.S. § 44-1282, and, additionally, the Arizona law applies only to intrastate calls; 3)

the Shupes have failed to state a claim for invasion of privacy under the relevant law; and 4) the claims of harassment and intentional infliction of emotional distress should be dismissed as the Shupes have acknowledged in their own recitations to the Court.

### C.  Summary Judgment Standard

Pursuant to the Federal Rules of Civil Procedure, a party may seek summary judgment where there is no genuine issue as to any material fact and that party is entitled to judgment as a matter of law. Fed.R.Civ.P. 56(c). Summary judgment is appropriate only when "the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to a judgment as a matter of law." Fed. R. Civ. P. 56(c); *see also Celotex Corp. v. Catrett*, 477 U.S. 317, 322 23 (1986). Under summary judgment practice, the moving party bears the initial responsibility of presenting the basis for its motion and identifying those portions of the record, together with affidavits, which it believes demonstrate the absence of a genuine issue of material fact. *Id*. at 323.

If the moving party meets its initial responsibility, the burden then shifts to the opposing party who must demonstrate the existence of a factual dispute and that the fact in contention is material, *i.e.*, a fact that might affect the outcome of the suit under the governing law, *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248 (1986), and that the dispute is genuine, *i.e.*, the evidence is such that a reasonable jury could return a verdict for the non-moving party. *Id.* at 250; *see  Triton Energy Corp. v. Square D. Co.*, 68 F.3d 1216, 1221 (9th Cir. 1995). Rule 56(c) provides that "[a] party asserting that a fact cannot be or is genuinely disputed must support the assertion by: (A) citing to particular parts of

1  materials in the record . . . or (B) showing that the materials cited do not establish the

2  absence or presence of a genuine dispute, or that an adverse party cannot produce

3  admissible evidence to support the fact." An issue of fact must be genuine. *Matsushita*

4  *Elec. Indus. Co., Ltd. v. Zenith Radio Corp.*, 475 U.S. 574, 586 87 (1986). The opposing

5  party need not establish a material issue of fact conclusively in its favor; it is sufficient

6  that "the claimed factual dispute be shown to require a jury or judge to resolve the parties'

7  differing versions of the truth at trial." *First Nat'l Bank of Arizona v. Cities Serv. Co.*, 391

8  U.S. 253, 288 89 (1968). If the factual context makes the non-movant's claim

9  implausible, that party must come forward with more persuasive evidence to support its

10  claim than would otherwise be necessary. *Matsushita*, 475 U.S. at 587. The mere

11  existence of a scintilla of evidence supporting the non-movant's position will be

12  insufficient; there must be evidence from which a fair minded jury could reasonably find

13  for the non movant. Anderson, 477 U.S. at 252.

14  When considering a summary judgment motion, the court examines the pleadings,

15  depositions, answers to interrogatories, and admissions on file, together with the

16  affidavits or declarations, if any. *See* Fed. R. Civ. P. 56(c). However, the "trial court can

17  only consider admissible evidence...." *Orr v. Bank of America*, 285 F.3d 764, 773 (9th Cir.

18  2002). The court should view the facts and draw reasonable inferences "in the light most

19  favorable to the party opposing the [summary judgment] motion." *Scott v. Harris*, 550

20  U.S. 372, 378 (2007) (citation omitted). The ultimate question is whether the evidence

21  "presents a sufficient disagreement to require submission to a jury or whether it is so one

22  sided that one party must prevail as a matter of law." *Anderson*, 477 U.S. at 251 52. A

party cannot defeat summary judgment by producing a "mere scintilla of evidence to support its case." *City of Vernon v. Southern Cal. Edison Co.*, 955 F.2d 1361, 1369 (9th Cir. 1992).

D. <u>Telephone Consumer Protection Act</u>

The Shupes contend that Chase willfully or knowingly violated the TCPA and are entitled to summary judgment on this claim. Chase responds that the calls did not violate the TCPA because they were not telemarketing calls. In addition the calls were made in an effort to collect a debt, so they are exempt. Furthermore, Plaintiffs still had a credit card account with Chase, thus establishing an additional exception for contacting them based on the separate existing business relationship, which Plaintiffs did not terminate.

The TCPA prohibits callers from initiating "any telephone call to any residential telephone line using an artificial or prerecorded voice to deliver a message without the prior express consent of the called party, unless the call is initiated for emergency purposes or is exempted by rule or order by the [Federal Communications] Commission under paragraph (2)(B)." The FCC has created two regulatory exemptions that Defendant argues are applicable to the calls in this case. First, the FCC exempts from the TCPA's statutory prohibition against prerecorded calls any call "made to any person with whom the caller has an established business relationship at the time the call is made[.]" 47 C.F.R. 64.1200(a)(2)(iv). Second, the FCC exempts any call "made for a commercial purpose but does not include or introduce an unsolicited advertisement or constitute a telephone solicitation[.]" 47 C.F.R. 64.1200(a)(2)(iii).

The FCC has made clear that these two exemptions "apply where a third party

places a debt collection call on behalf of the company holding the debt." *In the Matter of Rules and Regulations Implementing the Telephone Consumer Protection Act of 1991*, 7 FCC Rcd. 8752, 8773, ¶ 39 (July 26, 1995). The FCC has also clarified that "all debt collection circumstances involve a prior or existing business relationship." Id. at 8771–72, ¶ 36. The FCC has explicitly stated that debt collection calls will be "covered by exemptions ... for commercial calls which do not transmit an unsolicited advertisement" In the Matter of Rules & Regulations Implementing the Tel. Consumer Prot. Act of 1991, 7 F.C.C.R. 8752, 8772, ¶ 39 (1992). In 2008, the FCC again confirmed that "calls solely for the purpose of debt collection are not telephone solicitations ...' and 'calls regarding debt collection ... are not subject to the TCPA's separate restrictions on 'telephone solicitations.' " *See Meadows v. Franklin Collection Serv., Inc.*, 414 Fed. App'x 230, 236 (11th Cir. 2011) (citing In Re Rules and Regulations Implementing the TCPA of 1991, 23 F.C.C.R. 559, 565, ¶ 11 (Jan. 4, 2008)).

Plaintiffs argue that Defendant began calling their residential home on or about September 20, 2010, seeking to solicit alternative mortgage products and services from the Plaintiffs in addition to trying to collect an "alleged debt from the Plaintiffs." (Doc. 88, at 3-4.)  Plaintiffs seek summary judgment on fifty calls presented in a call log submitted as Exhibit 6 to Plaintiffs' statement of facts (Doc. 88, Attachment 1, Plaintiffs' Separate Statement of Facts (PSOF) to support Plaintiffs' claim.)[1] Chase objects to the

---

[1] Plaintiffs also affirmed that they kept a handwritten call log of phone calls from Chase (*see* Affidavit of Richard Shupe (Doc. 117), ¶¶ 29-30; and Maria Shupe, ¶¶ 25-26) but did not attach these call logs as exhibits to their motion for partial summary judgment, and these are not the calls at issue in Plaintiffs' motion for partial summary

phone records submitted by the Shupes to support the claim arguing that the records are inadmissible because they are unauthenticated, and lacking in explanation. *See* Reply in Support of Cross-Motion for Summary Judgment (Doc. 128), at 2. The undersigned agrees with Defendant and will not consider the call logs. *See Canada v. Blain's Helicopters, Inc.*, 831 F.2d 920, 925 (9th Cir. 1987)(A court may not consider unauthenticated documents on a motion for summary judgment.).

Because Plaintiffs' motion seeks summary judgment on these fifty calls, and the Magistrate Judge finds Plaintiffs' evidence inadmissible, the Magistrate Judge recommends that the District Judge deny Plaintiffs' motion for partial summary judgment.

Defendant argues that summary judgment in favor of Chase is appropriate on Plaintiffs' TCPA claims because the calls were not telemarketing calls, and, even if they were made outside of the context of mortgage servicing, Plaintiffs had a credit card account with chase which would have provided an additional exception for contacting them based on that separate existing business relationship. *See* Defendant's Cross Motion for Summary Judgment (Doc. 115), at 5.

For purposes of the TCPA, the FCC has defined a "telephone solicitation" as "the initiation of a telephone call or message for the purpose of encouraging the purchase or rental of, or investment in, property, goods, or services, which is transmitted to any person." 47 C.F.R. 64.1200(f)(12). Chase has submitted evidence that the only calls made during the period in question (August 2010 – January 2011) were made in connection

judgment. *See* Plaintiffs' Motion (Doc. 88), at 11, ¶ 5.

with servicing the mortgage loan for collection purposes, and not for marketing purposes. *See* Defendant's Statement of Facts (DSOF) (Doc. 113) at ¶¶ 8-9, 15.

Plaintiff contends that these statements are not supported by call logs or transcripts, and that these calls were made for the purpose of selling optional mortgage products, and that the word "record" in Defendant's factual statement is ambiguous as the records themselves are not presented for review. *See* Plaintiffs Responses to Defendants Controverted Facts & Separate Facts (PRDSOF) (Doc. 121) at ¶¶8-9, 15.

Defendant's motion is properly supported by the affidavit of Assistant Vice President Jessica Garibay, and her examination of records that are kept in the usual course of Chase's business.  With regard to summary judgment, a party does not necessarily have to produce evidence in a form that would be admissible at trial, as long as the party satisfies the requirements of Federal Rules of Civil Procedure 56. *Celotex Corp. v. Catrett*, 477 U.S. 317, 324 (1986). With respect to evidence submitted by affidavit, Rule 56(e), Fed.R.Civ.P., requires that the affidavits "shall be made on personal knowledge, shall set forth such facts as would be admissible in evidence, and shall show affirmatively that the affiant is competent to testify to the matters stated therein."

Ms. Garibay's affidavit testimony is based on her experience and knowledge as Assistant Vice President of Chase. Ms. Garibay personally examined system notes of calls made to the Shupes during the time period in questions, and researched Chase's business records related to the Shupes' mortgage and can properly testify that she confirmed that all calls made by Chase to the Shupes were for the purpose of attempting to collect the debt owed by the Shupes with respect to the promissory note secured by the

deed of trust, and that there was no record of any calls made for the purposes of marketing new products or services during the relevant time period. *See In re Kaypro*, 218 F.3d 1070, 1075 ("Personal knowledge may be inferred from a declarant's position.").

The FCC has unequivocally stated that "calls solely for the purpose of debt collection are not telephone solicitations and do not constitute telemarketing" and "calls regarding debt collection ... are not subject to the TCPA's separate restrictions on 'telephone solicitations.' " *In The Matter of Rules and Regulations Implementing the Telephone Consumer Protection Act of 1991*, 23 FCC Rcd. 559, 565, ¶ 11 (Jan. 4, 2008); *See also Meadows v. Franklin Collection Serv.*, 414 Fed. Appx. 230, 236 (11th Cir. 2011)("debt-collection circumstances are excluded from the TCPA's coverage").

Plaintiffs do not dispute that they borrowed $180,775.00 from Chase in 2006, and secured that loan with a deed of trust on real property ("the Property"). (DSOF ¶ 1). Plaintiffs take the position that under Arizona's Anti-Deficiency Statutes, they no longer owed a debt after September, 2010, because they sent a letter to Defendants stating that they were abandoning the house and sent the keys to the bank. Plaintiffs assert that they owed no debt to the Defendant due to their "walk-away notice of default." (Doc. 116, at 8). After Plaintiff's defaulted on the loan, a trustee's sale of the Property was conducted in March 2011. (DSOF ¶¶ 2, 30)

"[I]n Arizona, non-judicial foreclosure sales, or trustees' sales," are governed by A.R.S. §§ 33–801 to 33–821. *Hogan v. Wash. Mut. Bank, N.A.*, 230 Ariz. 584 (2012). If a deed of trust which secures a purchase-money mortgage conforms to the requirements of

the state's anti-deficiency protections, the holder of the note may not elect to waive the security and bring an action on the note; the holder must proceed with a non-judicial foreclosure through a trustee's sale.  *See* A.R.S. § 33-814(G); *Baker v. Gardner*, 160 Ariz. 98, 103m 770 P.2d 766 (1989). Contrary to Plaintiffs' assertion that their debt to Chase was satisfied when they acknowledged default, their debt was not satisfied until completion of the trustee's sale because Plaintiffs had the legal right, prior to the trustee's sale, to cure the default and reinstate their contract and trust deed. *See* A.R.S. § 33-813.

Thus, calls made to service the debt owed to Defendant up until the time of the trustee's sale are exempted from the TCPA. The affidavit submitted by Ms. Garibay establishes that no calls made during the period from August 2010 through January 2011 were made for purposes other than to collect the debt owed by the Shupes with respect to the promissory note secured by the deed of trust. (Doc. 114, ¶¶ 6,7,8.)

Accordingly, the Magistrate Judge finds that Chase's calls were not telephone solicitations, and recommends that the District Court deny Plaintiffs' motion for partial summary judgment on the TCPA claim and grant summary judgment in favor of Chase on the TCPA claim.

E. <u>A.R.S. § 44-1282</u>

Plaintiffs seek summary judgment as to claims under Arizona law, based on violations on the TCPA, arguing that "in establishing the elements for the TCPA, [Plaintiffs] have also established the same for A.R.S. [§] 44-1282." Plaintiffs' Motion for Partial Summary Judgment (Doc. 88) at 16.  For the same reasons the Magistrate Judge

recommends denying Plaintiffs' motion as to the TCPA claim, the Magistrate Judge recommends denying Plaintiffs' motion as to the claim under A.R.S. § 42-1282.

Defendant argues that motion for summary judgment in favor of Chase should be granted because the calls made by Chase are permitted under the Arizona law, and, additionally, the Arizona law applies only to intrastate calls, and there is no evidence that Chase made any intrastate calls.

Arizona's law, which prohibits solicitors to initiate telephone calls to numbers entered in the national do-not-call registry, expressly allows calls "that would be permitted by federal law or regulation relating to interstate telephone solicitation." A.R.S. §44-1282 (A) & (B). As Defendant correctly asserts, since the calls are not proscribed by the TCPA, they are not unlawful under the Arizona statute. Because the calls are not unlawful, there is no need to determine if a factual dispute exists as to the origin of the calls. Accordingly, the Magistrate Judge recommends that the District Court deny Plaintiffs' motion for partial summary judgment as to Plaintiffs' claim under A.R.S. § 44-1282, and grant Defendant's motion for summary judgment as to Plaintiffs' claim under A.R.S. § 44-1282.

F.  Invasion of Privacy

The Arizona Supreme Court has recognized the invasion of privacy torts laid out in the *Restatement (Second) of Torts* §§ 652A *et seq.*, which include the tort of intrusion upon seclusion, *see Godbehere v. Phoenix Newspapers, Inc.*, 162 Ariz. 335, 338 (1989), and at least one Arizona Court of Appeals decision has applied the tort of intrusion upon seclusion. *See Hart v. Seven Resorts Inc.*, 190 Ariz. 272, 279 (Ct.App.1997). The Arizona

courts generally follow the Restatement in the absence of Arizona authority on an issue. *Reed v. Real Detective Publ'g. Co.*, 63 Ariz. 294 (1945); *Campbell v. Westdahl*, 148 Ariz. 432 (Ct.App.1985). Consequently, we look to the Restatement for guidance regarding how the Arizona Supreme Court would resolve the Shupes' claim.

The Restatement describes the tort of intrusion upon seclusion as follows: "One who intentionally intrudes, physically or otherwise, upon the solitude or seclusion of another or his private affairs or concerns, is subject to liability to the other for invasion of his privacy, if the intrusion would be highly offensive to a reasonable person." *Hart*, 190 Ariz. at 279  (citing *Rest. (2d)Torts § 652B* (1977)). The comments to the Restatement further define the contours of the tort; there is no liability unless the interference with a plaintiff's seclusion is "a substantial one, of a kind that would be highly offensive to the ordinary reasonable man." *Rest.(2d) Torts § 652B (1977),* cmt. d. Thus, contrary to Defendant's assertion that the tort is not likely to include telephone calls by a lender as in the circumstances here, or telephone calls in any context, while there is "no liability for knocking at the plaintiff's door" or calling on the telephone on one, or "even two or three" occasions, to demand payment of a debt, the Restatement counsels that "when the telephone calls are repeated with such persistence and frequency as to amount to a course of hounding the plaintiff, that becomes a substantial burden to his existence" then a plaintiff's privacy may be invaded. *Id.*

For example, the District Court for the Southern District of California applied the standard enunciated in the Restatement (2d), and found plaintiffs' allegation that defendant had contacted them, in an attempt to collect a debt, 380 times over a seven

month period, at a rate of five to ten times per day, despite notifications that Plaintiffs were represented by counsel, adequately stated a claim for intrusion upon seclusion. *Chaconas v. JP Morgan Chase Bank*, 713 F.Sup.2d 1180 (S.D. Cal. 2010); *See also Hurrey–Mayer v. Wells Fargo Home Mortg., Inc.*, 2009 WL 3647632, at *2–3, 2009 U.S. Dist. LEXIS 103039, at *6–7 (S.D.Cal. Nov. 4, 2009) (denying defendant's motion to dismiss because allegations of continuous and numerous phone calls to collect a debt through an automated dialing system after defendant was aware the plaintiff was represented by counsel was sufficient to state a claim for intrusion upon seclusion).

Plaintiffs' affidavits and supporting exhibits demonstrate that prior to their default, they first requested mortgage products and services from Chase but received no response (Affidavit of Richard Shupe (Doc. 117) at ¶ 8). Thereafter, on September 13, 2013, Plaintiffs sent Chase a letter informing them that they would not be making any further payments and enclosed the keys to the house, and offered a "Deed in Lieu of Foreclosure" as an alternative to foreclosure. (Affidavit of Richard Shupe (Doc. 117), ¶ 12 , Ex. 4C.) Thereafter, Plaintiffs requested that Defendant cease calling their personal phone number by letter dated October 15, 2010 (Affidavit of Richard Shupe (Doc. 117) ¶ 23, Ex. 4F) and through verbal requests to the telephone representatives who were making the telephone calls (Affidavit of Maria Shupe (Doc. 118) ¶ 19-20). Despite these requests, Plaintiffs allege that Defendant called their residence 108 times. (Doc. 118, Ex. 9). Although Plaintiffs' call logs that they submitted to support their allegation of 50 of those calls is inadmissible, Defendants do not dispute that some calls were made, and were made for the purpose of debt collection.   The number is calls alleged is not

insubstantial. The evidence establishes a genuine issue of material fact regarding how many telephone calls Defendant made to Plaintiffs, over what length of time the telephone calls were made, whether they were repeated with such persistence and frequency as to amount to a course of hounding the Plaintiffs such that they would be considered highly offensive to a reasonable person.

Accordingly, the Magistrate Judge recommends that the District Court deny Plaintiffs' motion for partial summary judgment and deny Defendant's motion for summary judgment as to Plaintiffs' claim for invasion of privacy.

G. Harassment and Intentional Infliction of Emotional (and/or Physical) Distress

Defendant asks the Court to dismiss Plaintiffs' harassment claim based on Plaintiffs' concessions that their harassment claim is not actionable and that intentional infliction of emotional distress requires burdens of proof that are too high for Plaintiffs to meet; alternatively Defendant requests summary judgment. Defendants Cross-Motion for Summary Judgment (Doc. 115) at 12 (citing Doc. 85, at 6:17-23).) Plaintiffs do not oppose Defendant's request to dismiss these claim. Accordingly, the Magistrate Judge recommends that the District Court dismiss these claims.

H. Remand

A district court has "the power to hear claims that would not be independently removable even after the basis for removal jurisdiction is dropped from the proceedings." *Harrell v. 20th Century Ins. Co.*, 934 F.2d 203, 205 (9th Cir. 1991). "It is generally within a district court's discretion either to retain jurisdiction to adjudicate the pendant state

claims or to remand them to state court." *Id*. In *Harrell*, the Ninth Circuit recognized that "it is generally preferable for a district court to remand remaining pendent claims to state court," but concluded in that case the district court's retention of jurisdiction over the state-law claims was within its discretion. *Id*.

"[I]n the usual case in which all federal-law claims are eliminated before trial, the balance of factors to be considered under the pendent jurisdiction doctrine—judicial economy, convenience, fairness, and comity—will point toward declining to exercise jurisdiction over the remaining state-law claims." *Carnegie-Mellon Univ. v. Cohill*, 484 U.S. 343, 350 n.7 (1988). The lawsuit here is "the usual case" in which all federal-law claims are eliminated early in the litigation, and the principles of judicial economy, convenience, fairness, and comity are not promoted by federal retention of the state-law claims. Further, if federal-law issues are raised as defenses, the state courts are competent to decide them. *See, e.g., Sullivan v. First Affiliated Securities, Inc.*, 813 F.2d 1368, 1372 n.5 (9th Cir. 1987). Therefore, the Magistrate Judge recommends that if the District Court accepts the recommendations of the undersigned, the District Count, in its discretion under 28 U.S.C. § 1367(c)(3), decline to exercise supplemental jurisdiction over Plaintiffs' invasion of privacy claim because it has dismissed all claims over which it had original jurisdiction.[2] A district court may relinquish jurisdiction over remaining supplemental claims either by dismissing the case without prejudice or by remanding it to

---

[2] Although Defendant noted at the time of removal that diversity jurisdiction pursuant to 28 U.S.C. § 1331 would also exist, and that Plaintiffs sought at least $150,000 in damages, the damages calculation was based on the federal violations of $1,500 per violation with over 100 alleged violations. The Magistrate Judge recommends dismissal of the federal claims, as there is no evidence that the amount claimed under the remaining state claim, invasion of privacy, would exceed the amount in controversy requirement.

the state court. *Carnegie-Mellon*, 484 U.S. at 351. The district court has discretion to remand to state court, rather than dismiss, supplemental claims upon a determination that remand best serves the principles of economy, convenience, fairness, and comity. *Id.* at 357. Here, remand avoids the delay, cost, inconvenience, and potential unfairness that may be imposed on Plaintiffs by requiring them to file and serve their claims again in state court following dismissal without prejudice. Therefore, the Magistrate Judge recommends that the District Court decline to exercise supplemental jurisdiction over Plaintiffs' invasion of privacy claim, and remand this action to the state court.

## III.   RECOMMENDATION

For the reasons stated above, the Magistrate Judge RECOMMENDS that :

(1)   The Shupes' Motion for Partial Summary Judgment (Doc. 88) be DENIED;

(2)   The Shupes' Motion for Default Judgment (Doc. 96) be DENIED;

(3)   The Defendant's Cross-Motion for Summary Judgment (Doc. 115) be GRANTED IN PART and DENIED IN PART as follows:

   a.   GRANTED as to the Shupes' claims pursuant to the TCPA; A.R.S. § 44-1281; and harassment and intentional infliction of emotional distress;

   b.   DENIED as to the Shupes' claims for invasion of privacy;

(4)   This action be REMANDED to state court.

///
///
///
///
///
///

1    Pursuant to 28 U.S.C. §636(b), any party may serve and file written objections
2 within fourteen days after being served with a copy of this Report and Recommendation.
3 A party may respond to another party's objections within fourteen days after being served
4 with a copy thereof. Fed.R.Civ.P. 72(b). No reply to any response shall be filed. *See id*. If
5 objections are not timely filed, then the parties' rights to de novo review by the District
6 Court may be deemed waived. *See United States v. Reyna-Tapia*, 328 F.3d 1114, 1121
7 (9th Cir. 2003) (*en banc*).

8    If objections are filed the parties should use the following case number: **CV 11-**
9 **0501-TUC-RCC**.

10    Dated this 5th day of November, 2013.

11

12

13    _____

14    Bernardo P. Velasco
15    United States Magistrate Judge

16

17

18

19

20

21

22

23

24

25

26

27

28