1

2

3

4

5

6                    **IN THE UNITED STATES DISTRICT COURT**

7                       **FOR THE DISTRICT OF ARIZONA**

8

9   Richard Shupe, et al.,                         No. CV-11-00501-TUC-RCC (BPV)

10                          Plaintiffs,             **ORDER**

11  v.

12  JPMorgan Chase Bank NA,

13                          Defendant.

14

15          Before the Court is the November 5, 2013, Report and Recommendation (R&R)

16  from Magistrate Judge Bernardo P. Velasco (Doc. 140) recommending that this Court

17  deny Plaintiffs' Motion for Default Judgment (Doc. 96), deny Plaintiffs' Partial Motion

18  for Summary Judgment (Doc. 88), and grant in part Defendant's Motion for Summary

19  Judgment (Doc. 115). The R&R further recommends the Court remand this action to the

20  state court.

21          Defendant filed its objections to the R&R (Doc. 143) on November 19, 2013.

22  Defendant objects only to the recommendation to remand this matter to the state court.

23  After an extension of time, Plaintiffs filed their objections on December 17, 2013 (Doc.

24  149). Defendant filed its response to the Plaintiffs' objections on January 3, 2014 (Doc.

25  150). Plaintiffs also filed a reply (Doc. 151) to Defendant's response; however, no replies

26  are permitted and the Court struck Document 151 from the record.

27          Part of Plaintiffs objections stem from Plaintiffs' assertion that the Magistrate

28  Judge is biased against pro se litigants and "had a desire to quickly push the case through,

or out of the Federal Court." (Doc. 149 at 1). As one example of this alleged bias, Plaintiffs assert it is "fundamentally unfair" for the Magistrate Judge "to quote rare common law …that [Plaintiffs] must comport to the FRCP's." (Doc. 149 at 13). It is hardly unfair or unusual to require Plaintiffs to comply with the Federal and Local Rules, as is required of all litigants in this Court, pro se or not. Further, this action has been pending in federal court for nearly three years, and the Court previously rejected a motion by Plaintiffs themselves to remand the matter to state court. The Court has granted Plaintiffs numerous extensions and has consistently acted to ensure Plaintiffs' access to the justice process. The Court finds absolutely no merit or evidence to support Plaintiffs' allegations of bias or prejudice and they warrant no further discussion here.

Plaintiffs also attach a number of exhibits to their objections, which Defendant notes are unauthenticated and unverified. The exhibits consist of 1) letters sent to Defendant directing it to stop calling Plaintiffs, 2) a letter Plaintiffs sent to NCO Financial Systems Inc., a private entity not a party to this action, wherein Plaintiffs directed NCO to stop calling them, 3) a letter sent from NCO to Plaintiffs indicating it had no record of making any calls to Plaintiffs, and 4) a Wikipedia page on NCO. (Doc. 149 Exs. 1 & 2). The Court finds these exhibits irrelevant to the issues at hand and will not consider them here.

For the following reasons, this Court will adopt in part and reject in part the Magistrate Judge's findings in the R&R.

## I. BACKGROUND

The factual and procedural background in this case is thoroughly detailed in Magistrate Judge Velasco's R&R (Doc. 140). This Court fully incorporates by reference the Summary section of the R&R into this Order.

## II. LEGAL STANDARD

The duties of the district court in connection with a R&R are set forth in Rule 72 of the Federal Rules of Civil Procedure and 28 U .S.C. § 636(b)(1). The district court may "accept, reject, or modify the recommended disposition; receive further evidence; or

1   return the matter to the magistrate judge with instructions." Fed.R.Civ.P. 72(b)(3); 28

2   U.S.C. § 636(b)(1). The Court will not disturb a Magistrate Judge's Order unless his

3   factual findings are clearly erroneous or his legal conclusions are contrary to law. 28

4   U.S.C. § 636(b)(1)(A). "[T]he magistrate judge's decision ... is entitled to great deference

5   by the district court." *United States v. Abonce-Barrera*, 257 F.3d 959, 969 (9th Cir.

6   2001). Where the parties object to a R&R, "[a] judge of the [district] court shall make a

7   de novo determination of those portions of the [R&R] to which objection is made." 28

8   U.S.C. § 636(b)(1); see *Thomas v. Arn*, 474 U.S. 140, 149-50 (1985).

9   **III.   DISCUSSION**

10         **a.   Motion for Default Judgment**

11         Magistrate Judge Velasco recommended this Court deny Plaintiffs' Motion for

12   Default Judgment. Plaintiffs moved for default judgment on the basis that Defendant

13   allegedly failed to file an answer to Plaintiffs' amended complaint. Judge Velasco

14   recommended the motion be denied because Plaintiffs never properly served Defendant

15   with the amended complaint pursuant to Rule 15(a)(3), Fed.R.Civ.P., and as ordered by

16   the Court (Doc. 71).

17         Neither Plaintiffs nor Defendant contest the recommendation on this motion in

18   their objections to the R&R. Accordingly, the Court adopts Magistrate Judge Velasco's

19   recommendation to deny Plaintiffs' Motion for Default Judgment.

20         **b.   Cross Motions for Summary Judgment**

21         Magistrate Judge Velasco recommended this Court enter an order denying

22   Plaintiff's Partial Motion for Summary Judgment, and granting in part and denying in

23   part Defendant's Cross-Motion for Summary Judgment. Plaintiffs moved for summary

24   judgment on counts one, two, and three of their amended complaint, while Defendant

25   moved for summary judgment on all counts of the amended complaint. Because Plaintiffs

26   object to the R&R, the Court will address each claim of the amended complaint below.

27         **1.   Telephone Consumer Protection Act**

28         Plaintiffs allege Defendant willfully or knowingly violated the TCPA by calling

Plaintiffs fifty times, and that the calls were for a dual purpose: to collect an alleged debt and to solicit mortgage products and services. Defendant counters that the calls do not violate the TCPA because they were not telemarketing calls, were only made to collect a debt, and Defendant has a separate existing business relationship with Plaintiffs.

Magistrate Judge Velasco recommended that Defendant's calls to Plaintiffs did not violate the TCPA because the calls were not made for marketing purposes, but solely for debt collection purposes, and calls regarding debt collection do not constitute telemarketing or solicitation. (Doc. 140 at 9-10). Judge Velasco further found that Plaintiffs' evidence, consisting of a handwritten call log of fifty calls, was inadmissible as unauthenticated. (Doc. 140 at 9). Judge Velasco therefore recommended the Court deny Plaintiffs' partial motion for summary judgment on the TCPA claim and grant summary judgment in favor of Defendant.

In their objections to the R&R, Plaintiffs dispute two main points: whether the calls were made solely for collection purposes, and whether the Defendant is a debt collector. Plaintiffs maintain the Magistrate Judge erred in his conclusions on both of these points, and therefore wrongly recommended dismissal of Plaintiffs' TCPA claim and Arizona telephone solicitation claim.

Plaintiffs assert that the calls made by Defendant were marketing calls, not debt collection calls, but fail to provide persuasive evidence on this point. Plaintiffs first argue that a message left on their answering machine refers to www.chase.com, and that the reference to the website therefore means the calls were either marketing or dual purpose calls, but not solely for collection purposes. (Doc. 149 at 6). Second, Plaintiffs state that because their caller id said "JP Morgan Chase" and not "debt collection service," any calls from Chase were therefore marketing calls. *Id*. These arguments are both illogical and unpersuasive to refute Defendant's affidavit that it made the calls solely for debt collection purposes.

As Defendant notes, Plaintiffs did not actually answer most of the calls, and because messages generally were not left, "Plaintiffs have no idea what the 'purpose' of

the calls would have been," and therefore cannot refute Defendant's affidavit stating the calls were made solely for debt collection purposes. (Doc. 150 at 5).

Plaintiffs also argue that Defendant is not a debt collector, but a "Bank engaged in the business of making financial transactions." (Doc. 149 at 3). Plaintiffs further suggest that another entity, NCO Group, which is not a party to this action, but which Plaintiffs allege is a third-party subsidiary of Defendant, made the calls. However, Plaintiffs have not presented the Court with any evidence that would make Defendant liable for the actions of a third party, nor have Plaintiffs presented any evidence that the calls were made by NCO Group.

Plaintiffs also allege that Defendant's calls violated the TCPA because Defendant used an artificial prerecorded voice. Plaintiffs conflate several issues in this argument. First, Plaintiffs cite a Federal Communications Commission (FCC) provision, which states "prerecorded debt collection calls would be exempt from the prohibitions on such calls to residences as: (1) calls from a party with whom the consumer has an established business relationship, and (2) commercial calls which do not adversely affect privacy rights and which do not transmit an unsolicited advertisement." *In re Rules and Regulations Implementing the Telephone Consumer Protection Act of 1991*, 7 FCC Rcd. 8752, 8771, 8773 (Oct. 16, 1992). Plaintiffs then assert that they terminated their business relationship with Defendant by sending Defendant a letter notifying Defendant of their default. However, Plaintiffs fail to note that the FCC has further stated that "[b]ecause the termination of an established business relationship is significant only in the context of solicitation calls, that act of terminating such a relationship would not hinder or thwart creditors' attempts to reach debtors by telephone." *In re Rules and Regulations Implementing the Telephone Consumer Protection Act of 1991*, 10 FCC Rcd. 12391, 12400 (Aug. 7, 1995). Thus, the provision Plaintiffs cite actually undermines their argument— Defendant's calls to Plaintiffs are exempt from the TCPA because the calls were made for debt collection purposes, and even if Plaintiffs did effectively terminate their business relationship with Defendant, the TCPA still permits creditors to make

collection calls to parties that the creditor previously had a business relationship with.

As part of this same argument on prerecorded calls, Plaintiffs further incorrectly state that in a prior R&R, the Magistrate Judge "states that clearly the Defendant had wrongly invaded the privacy rights of the Plaintiffs." (Doc. 149 at 8) (citing Doc. 23 at 11). This misstatement appears to be based on a sentence in the R&R noting that Plaintiffs' Complaint alleges that the Defendant "knowingly and willingly invaded the privacy of the Plaintiffs..." (Doc. 23 at 11) (citing Complaint, Count II). Clearly the R&R is referring to Plaintiffs' own statements in their Complaint, not the Magistrate Judge's opinion as to whether the Plaintiffs' privacy rights were violated. Nowhere in the R&R does Judge Velasco state the Defendant clearly invaded Plaintiffs' privacy rights.

In the R&R, Judge Velasco thoroughly discussed the TCPA, exceptions to the TCPA, and relevant case law. Judge Velasco also considered the evidence submitted by the parties, including Plaintiffs' call logs, which were rejected as unauthenticated, and an affidavit submitted by Ms. Garibay, Assistant Vice President of Chase. The Court finds that Magistrate Judge Velasco thoroughly considered all of the relevant issues and evidence, and that he made a reasoned and well-founded conclusion that Plaintiffs' TCPA claim should be dismissed. The Court has considered Plaintiffs' objections on this point, and finds no merit to them. Accordingly, the Court will adopt Magistrate Judge Velasco's recommendation to deny Plaintiffs' Partial Motion for Summary Judgment on this issue and grant Defendant's Motion as to the same.

### 2. A.R.S. § 44-1282

Plaintiffs seek summary judgment under Arizona law, arguing that because they established the elements for a claim under the TCPA, they have also established the elements for a claim under A.R.S. § 44-1282. Section 44-1282 prohibits solicitors from calling numbers that are entered in the national do-not-call registry. However, the statute specifically exempts intrastate calls "that would be authorized or permitted by federal law or regulation relating to an interstate telephone solicitation." A.R.S. § 44-1282(A).

Based on Magistrate Judge Velasco's finding that Defendant's calls were not

solicitations and did not violate the TCPA, Judge Velasco further recommended that the calls are therefore not unlawful under the Arizona statute. (Doc. 140 at 13). Judge Velasco also recommended that "[b]ecause the calls are not unlawful, there is no need to determine if a factual dispute exists as to the origin of the calls." *Id*. Judge Velasco therefore recommended the Court deny Plaintiffs' partial motion for summary judgment under A.R.S. § 44-1282 and grant summary judgment in favor of Defendant.

In their objections to the R&R, Plaintiffs present a two-sentence argument on this claim. Plaintiffs conclude that because they believe Defendant is liable for the TCPA claim, it is also liable for the state law claim. (Doc. 149 at 11). Plaintiffs further state there is no evidence that the calls originated from outside the state. *Id*. Of course, however, there is also no evidence that the calls originated from within the state. Regardless of where the calls originated, the calls are exempt from the Arizona statute because the calls were not made by a solicitor, they were made by the Defendant debt collector.

As noted above, this Court finds Magistrate Judge Velasco reached a logical and well-reasoned conclusion as to the merits of Plaintiffs' claim under the TCPA. Because this Court adopts the recommendation that Defendant's calls were not solicitations and did not violate the TCPA, the Court also adopts the recommendation that the calls did not violate A.R.S. § 44-1282.

### 3. Invasion of Privacy

Plaintiffs also seek summary judgment on their tort claim for invasion of privacy, based on the repeated calls made by Defendant to Plaintiffs. In the R&R, Judge Velasco thoroughly discussed the torts of invasion of privacy and intrusion upon seclusion, including an examination of the Restatement and relevant case law. Judge Velasco noted that although Plaintiffs' call log was inadmissible as unauthenticated, Defendant did not dispute that it made calls to Plaintiffs for debt collection purposes. Judge Velasco further stated that "[t]he number of calls alleged is not insubstantial." (Doc. 140 at 15-16). Accordingly, Judge Velasco recommended the Court deny both party's motions for

summary judgment on this issue, because:

> The evidence established a genuine issue of material fact regarding how many telephone calls Defendant made to Plaintiffs, over what length of time the telephone calls were made, whether they were repeated with such persistence and frequency as to amount to a course of hounding the Plaintiffs such that they would be considered highly offensive to a reasonable person. (Doc. 140 at 16).

Neither party disputes the R&R's recommendation on this issue. Therefore, the Court will adopt Judge Velasco's recommendation to deny summary judgment for the Plaintiffs and for the Defendant on Plaintiffs' invasion of privacy claim.

### 4.  Harassment and Intentional Infliction of Emotional and/or Physical Distress

As noted in the R&R, Defendant asks the Court to dismiss Plaintiffs' harassment and intentional infliction of emotional distress claims and Plaintiffs do not oppose the request. Accordingly, the Court will adopt Magistrate Judge Velasco's recommendation to dismiss these claims.

### c.  Remand

Because Judge Velasco recommends this Court grant summary judgment in favor of Defendants on Plaintiffs' federal claim pursuant to the TCPA, the only remaining claims are state law claims. Judge Velasco therefore recommends the Court remand this matter to state court, concluding that the Court does not have original jurisdiction or diversity jurisdiction over the remaining tort claim for invasion of privacy. In its objections, Defendant disputes this recommendation and asserts that diversity jurisdiction does in fact exist.

The Court has "the power to hear claims that would not be independently removable even after the basis for removal jurisdiction is dropped from the proceedings." *Harrell v. 20th Century Ins. Co.*, 934 F.2d 203, 205 (9th Cir. 1991). "It is generally within a district court's discretion either to retain jurisdiction to adjudicate the pendant state claims or to remand them to state court." *Id*. "[I]n the usual case in which all federal-law claims are eliminated before trial, the balance of factors to be considered

1    under the pendent jurisdiction doctrine—judicial economy, convenience, fairness, and

2    comity—will point toward declining to exercise jurisdiction over the remaining state-law

3    claims." *Carnegie-Mellon Univ. v. Cohill*, 484 U.S. 343, 350 n.7 (1988).

4        Here, Judge Velasco concluded that this action "is 'the usual case' in which all

5    federal-law claims are eliminated early in the litigation, and the principles of judicial

6    economy, convenience, fairness, and comity are not promoted by federal retention of the

7    state-law claims." (Doc. 140 at 17). In opposition, Defendant contends that this is not

8    "the usual case" and because this action has been pending for almost 3 years and all

9    discovery has concluded, "the principal of judicial economy weighs heavily in favor of

10   this Court retaining jurisdiction." (Doc. 143 at 2). The Court agrees with Defendant.

11       Judge Velasco further found diversity jurisdiction does not exist for Plaintiffs' tort

12   claim. However, Defendant disputes this contention. In the R&R, Judge Velasco stated

13   that:

14           Although Defendant noted at the time of removal that
             diversity jurisdiction pursuant to 28 U.S.C. § 1331 would also
15           exist, and that Plaintiffs sought at least $150,000 in damages,
             the damages calculation was based on the federal violations
16           of $1,500 per violation with over 100 alleged violations. The
             Magistrate Judge recommends dismissal of the federal claims,
17           as there is no evidence that the amount claimed under the
             remaining state claim, invasion of privacy, would exceed the
18           amount in controversy requirement. (Doc. 140 at 17 n. 2).

19

20       In opposition, Defendant argues diversity jurisdiction still exists because 1)

21   diversity of citizenship is clear (Plaintiffs are Arizona residents and Defendant's principal

22   place of business is in Ohio), and 2) the amount in controversy still exceeds $75,000.

23   (Doc. 143 at 2). Defendants state that in Plaintiffs' original Complaint, Plaintiffs sought

24   $1,000 per call for at least 100 calls, plus $200,000 in punitive damages. (Doc. 143 at 2).

25   In their original Complaint, Plaintiffs asked for the following damages for their invasion

26   of privacy claim: "Compensatory damages in the amount of $1000.00 per each violation

27   of the TCPA. The Plaintiffs seek Punitive damages in an amount twice the amount

28   awarded for Compensatory damages." (See Doc. 1 Ex 1 at 7). Thus, although Plaintiffs

     cite to the TCPA, Defendant argues the "prayer for damages is based on the theory of

1    invasion of privacy." (Doc. 143 at 2). However, this action now proceeds not on
2    Plaintiffs' original Complaint, but on their Amended Complaint.

3         In their Amended Complaint, Plaintiffs allege Defendant made "in excess of 50-75
4    calls." (Doc. 94 at 4). As to the invasion of privacy claim, Plaintiffs "seek compensatory
5    damages equal to the statutory award granted under the TCPA … [and] punitive damages
6    in an amount to be determined at the time of trial." *Id*. at 13. The Plaintiffs further request
7    $1,500 per violation of the TCPA. *Id*. at 12. Thus, Plaintiffs' damage request for their tort
8    claim would be equal to at least $1,500 per call, for at least 50 calls, or $75,000, plus
9    punitive damages. Pursuant to 28 U.S.C. § 1332(a), the district court has diversity
10   jurisdiction if "the matter in controversy exceeds the sum of $75,000…" Here, the Court
11   finds that because the requested damages for Plaintiffs' tort claim would be at least
12   $75,000 plus punitive damages, diversity jurisdiction over this claim is proper.

13        In sum, the Court rejects Magistrate Judge Velasco's recommendation that the
14   Court remand this action to state court. Diversity jurisdiction over Plaintiffs' tort law
15   claim is proper, and the principles of judicial economy, convenience, and fairness to the
16   litigants all weigh in favor of this Court retaining jurisdiction.

17   **IV.    CONCLUSION**

18        Accordingly,

19        **IT IS HEREBY ORDERED** that Magistrate Judge Velasco's Report and
20   Recommendation (Doc. 140) is hereby ACCEPTED and ADOPTED in part and
21   REJECTED in part as follows:

22        1.  Plaintiffs' Motion for Partial Summary Judgment (Doc. 88) is DENIED.

23        2.  Plaintiffs' Motion for Default Judgment (Doc. 96) is DENIED.

24        3.  Defendant's Motion for Summary Judgment (Doc. 115) is GRANTED IN
25            PART and DENIED IN PART as follows:

26            a.  GRANTED as to Plaintiffs' claims pursuant to the TCPA, A.R.S. § 44-
27                1281, and harassment and intentional infliction of emotional distress.

28            b.  DENIED as to Plaintiffs' claim for invasion of privacy.

4.  The Court rejects Magistrate Judge Velasco's recommendation to remand this action to the state court. The Court shall retain jurisdiction over Plaintiffs' invasion of privacy claim.

Dated this 14th day of March, 2014.

Raner C. Collins
Chief United States District Judge